THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEX ZIMERMAN

                              Plaintiff,

vs.

MARY McBRIDE,

                              Defendant.

No.  C11-138Z

ORDER

        THIS MATTER comes before the Court on defendant Mary McBride's second

motion to dismiss, docket no. 15.  On March 8, 2011, the Court granted defendant's

first motion, and dismissed plaintiff Alex Zimerman's complaint pursuant to Fed. R.

Civ. P. 12(b)(6).  Order, docket no. 11.  Specifically, plaintiff's complaint was legally

insufficient to state a claim for relief because it only alleged, in conclusory fashion,

that defendant was liable for "bad service, abuse, [and] mismanagement."  Compl.,

docket no. 1-2; Order, docket no. 11.  However, the Court also granted plaintiff leave

to amend his complaint and directed him to provide a short plain statement of his

claim showing that he is entitled to relief.  Order, docket no. 11; see also Fed. R. Civ. P. 8(a).

On April 7, 2011, plaintiff filed his amended complaint.  Am. Compl., docket no. 13.  Plaintiff's amended complaint is fraught with the same deficiencies as his first; it provides only conclusory allegations of fraud, waste, abuse, and corruption by defendant and the King County Housing Authority.  Id. at 1-2.  Plaintiff's amended complaint does not state a plausible claim for relief and must be dismissed.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").[1]

Although the Court previously granted plaintiff leave to file an amended complaint, plaintiff has again failed to plead facts that demonstrate he is entitled to relief.  To the contrary, plaintiff's amended complaint, which requests a refund of $1,000.00 of plaintiff's taxes for defendant's alleged fraud and corruption, clearly demonstrates that the deficiencies in the complaint cannot be cured by amendment.

---

[1] Defendant also argues that under the Federal Tort Claims Act ("FTCA"), plaintiff's claims are barred by his failure to file an administrative claim with the government before bringing this lawsuit.  However, the FTCA applies only to claims against the United States.  See 28 U.S.C. § 2679.  As the Court indicated in its prior Order, although the United States may be substituted in place of a government employee, substitution is only proper where the attorney general has certified that the employee was acting within the scope of his or her employment at the time the claim arose.  Order, docket no. 11 (citing 28 U.S.C. § 2679(d)(1)).  Despite the Court's explanation of this procedure in its prior Order, defendant has again failed to submit the requisite certification.  Accordingly, the Court again DECLINES to address defendant's alternative argument that plaintiff's case is barred by the FTCA.

See Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).  Moreover, plaintiff has failed to file any opposition to defendant's motion to dismiss, which the Court construes as an admission that the motion has merit.  See Local Rule CR 7(b)(2).  Accordingly, the Court GRANTS defendant's motion, docket no. 15, and DISMISSES plaintiff's complaint with prejudice.

The Court further STRIKES defendant's second motion to stay discovery, docket no. 16, as moot.

IT IS SO ORDERED.

DATED this 26th day of May, 2011.

Thomas S. Zilly
United States District Judge

ORDER - 3